IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SALINAS CONSTRUCTION TECHNOLOGIES, LTD<br>　　　Plaintiff,<br><br>vs.<br><br>THE TEXAS DEPARTMENT OF TRANSPORTATION<br>　　　Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:18-cv-180<br>§<br>§<br>§<br>§ |

**PLAINTIFF SALINAS CONSTRUCTION TECHNOLOGIES, LTD'S
ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Salinas Construction Technologies, LTD ("Salinas") and files this Complaint alleging that the Texas Department of Transportation ("TxDOT") has violated Plaintiff's procedural and substantive due process rights. In support, Plaintiff would show as follows:

**I. PARTIES**

1. Plaintiff is a Texas Limited Partnership with its principal place of business in Texas.

2. Defendant, the Texas Department of Transportation, is an agency of the State of Texas. Pursuant to Federal Rule of Civil Procedure 4(j)(2), TxDOT may be served with a copy of summons and complaint upon its chief executive officer (its executive director) or in compliance with state law. State law indicates that TxDOT may be served by either mailing a copy of this petition by overnight

delivery to the Executive Director, Texas Department of Transportation, 125 East 11th Street, Austin, Texas 78701, by hand delivery as specified above, or by faxing the document to the Executive Director, Texas Department of Transportation at (512) 305-9567.

## II. JURISDICTION

3. This Court has jurisdiction over this dispute because Plaintiff is bringing a claim that arises out of a claim that Plaintiff's constitutional due process rights have been violated, which gives this court federal question jurisdiction. Specifically, 42 United States Code Section 1983, and the 5th and 14th amendments of the US Constitution, provide the requisite federal question jurisdiction.

## III. VENUE

4. Venue is proper in the Austin Division of the Western District of Texas under 28 USC § 1391 because a substantial part of the events giving rise to the claims alleged in this petition occurred in the Western District of Texas (specifically in Gonzales County, Texas).

## IV. BACKGROUND FACTS

5. This lawsuit relates to a roadway improvement project along 2.2 miles of US 87 in Gonzales County, Texas. More specifically, on January 29, 2015, TxDOT awarded a Contract to Salinas. This project involved the repair and resurfacing of existing roads along 2.2 miles of US 87 from the Wilson County Line to FM 77 (the "Project"). TxDOT awarded the Contract to Salinas for $5,409,577.00, and this award was based on a competitive bidding process. The Contract provided

Salinas with one hundred and fifty (150) working days from the beginning of contract time to complete the project. TxDOT started charging time on June 26, 2015.

6. Time was a major problem from the start of the Project. Although TxDOT ultimately granted an additional forty-three (43) days of contract time through change orders (which brought contract time to 193 days), TxDOT disregarded the overwhelming majority of Salinas' valid requests for time extensions. Ultimately, TxDOT improperly terminated Salinas for default on October 31, 2016. Currently, Salinas has filed an official claim for compensation related to this improper termination. Salinas filed this claim, which Salinas styled as a "Request for Equitable Adjustment", with TxDOT on October 31, 2017. This claim was made in compliance with the statutorily mandated administrative process requirements outlined in 43 Texas Administrative Code Section 9.2.

7. Salinas' claim seeks compensation for $3,976,463 (including principal breach of contract/termination for convenience costs/interest/attorney fees).[1] It is over 50 pages long and it has over 50 exhibits attached to it. It has dozens of pages of legal briefing, and it is specifically identified as having been prepared with the assistance of counsel. It goes through minute detail on the law related to conversions of terminations for default to terminations for convenience under both federal procurement and Texas caselaw. As the included attorney fees claim shows, Salinas has devoted a substantial amount of resources in bringing this claim to TxDOT and takes this claim very seriously.

---

[1] Exhibit A, Salinas' pending claim for compensation from TxDOT.

8. In any highway repair or installation contract dispute, the claim for seeking additional compensation is clearly defined by existing Texas law. This process is outlined (for the most part) in 43 Texas Administrative Code Section 9.2. Under that scheme, a contractor that has a dispute over money owed under the contract submits a formal claim for additional compensation directly to TxDOT. This claim must be a substantial claim, and to qualify under the scheme the claim must include a detailed report that provides the basis for the claim. The detailed report shall include relevant facts of the claim, cost or other data supporting the claim, a description of any additional compensation requested, and documents supporting the claim. The prime contractor shall file the claim with the Department's Construction Division, the department engineer under whose administration the contract was or is being performed, or the Committee." 43 Tex. Admin. Code § 9.2. The claim requires that a principal for the contractor certify that the claim is accurate and made in good faith. Next, TxDOT (acting through a "Construction Claims Committee") considers that claim via an internal evaluation process and submits a report making recommendations on how the Contract Claims Committee should respond to the claim in its opinion.

9. After both reports (Contractor's and TxDOT's internal) are produced, TxDOT's Contract Claims Committee convenes what is effectively a pre-litigation mediation. None of the information presented is admissible during a subsequent trial, and oral communications, reports, or other written documentation are submitted to TxDOT to review. The TxDOT Contract Claims Committee members have the right to question the Contractor in front of the very TxDOT employees, sitting

across the room and observing, which the Contractor contends breached the contract. After the meeting, the TxDOT Contract Claims Committee submits a formal settlement or claim offer to the contractor. The contractor is free to accept the offer or appeal the offer to the State Office of Administrative Hearings (SOAH). In SOAH, the case proceeds like any other administrative appeal (and is thus subject to the APA and SOAH regulations).

10. In the case at bar, TxDOT took a very extraordinary step upon receiving Salinas' claim. Specifically, TxDOT has *forbade* Salinas from bringing an attorney to the TxDOT/Salinas pre-SOAH claims committee meeting. Specifically, as the attached letter indicates, "[o]nce findings [related to Salinas' claim] are reviewed, an informal meeting to discuss the claim will be set with the contractor and responsible TxDOT parties. This informal CCC meeting is held in Austin ***without legal counsel in attendance*** for either TxDOT or the contractor and the meeting will not be recorded."[2] Salinas sought clarification after Salinas received this letter and it is clear: TxDOT's official position is that TxDOT will not permit Salinas to bring the undersigned (or any other) attorneys into what is an effectively contractually required pre-suit mediation.

11. Critically, TxDOT states in this letter that it is TxDOT's standard practice to hold these informal meetings without an attorney present. However, that has never been TxDOT's policy. 43 TAC § 9.2 was enacted in 2006. The undersigned attorney, Brian K. Carroll, has been litigating contract claims under this scheme since he became licensed to practice law. Over those dozen years, the

---

[2] Exhibit B, TxDOT claim acknowledgement dated November 14, 2017.

undersigned counsel has attended multiple of these hearings and has never seen (or even heard of) TxDOT refusing to allow a contractor's attorney to participate in the proceeding. The proceeding is a required and formal part of Salinas' contract claims appeals process, and it is a clear denial of Salinas' procedural and substantive due process protections under the Texas and US Constitutions to prevent Salinas from bringing Salinas' chosen counsel to the claims committee meeting.

## V. CAUSES OF ACTION

A.   *VIOLATION OF SALINAS' PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS*

12.   Plaintiff's rights to adequate due process before facing a deprivation of property have been violated by Defendant in that, although Plaintiff has been provided a detailed administrative claims process that includes a full hearing on the merits, rules of evidence and procedure, and all the other trappings of a trial, TxDOT has decided to arbitrarily withhold certain fundamental rights at seemingly random times during this process. Because fundamental rights are being arbitrarily withheld, Salinas procedural and substantive due process rights are being denied.

13.   Specifically, as described above, TxDOT is forbidding Salinas from bringing counsel of Salinas' choice to a mandatory pre-lawsuit claim settlement negotiation conference. As a result of Defendant's action in preventing Plaintiff from having counsel of Plaintiff's choice at certain portions of the formal claims process, Plaintiff has or will suffer irreparable injuries, which will continue

unabated if Salinas is not able to have counsel of its choice involved at all times during the formal claims process.

14. Defendant's actions in preventing Plaintiff from bringing counsel to the mandatory claims committee meeting were arbitrary and capricious, and lacking in professional judgment, in that no basis for the expulsion of Salinas' counsel can exist other than to put Salinas at a distinct disadvantage during settlement negotiations. Salinas incurred tens of thousands of dollars in costs drafting a multimillion-dollar claim that includes over 50 pages of complicated legal and factual information and more than 50 exhibits supporting the claim. The claim stipulates that it was prepared with the assistance of counsel and is more than half made of substantive legal arguments. And, the claims committee meeting is a legislative prerequisite to Salinas' ability to sue the government for the amounts included in the claim. It is a formal claim requirement, and Defendant's arbitrary decision to disallow Salinas' from having access to counsel of Salinas' choice is without any reasonable justification.

15. If this action is allowed to move forward, the consequences are obvious. For instance, TxDOT could change its policy, the day after a major multimillion-dollar claim was submitted, regarding whether attorneys could assist contractors in drafting written claims for compensation under 43 TAC § 9.2. And, if such a claim was submitted, TxDOT would disregard it as meeting the time limits stated in 43 TAC § 9.2. If this rule change led to a denial of a contractor's claim for compensation, the due process issues would be obvious. The same is true of the case at bar.

16. Other equally ridiculous practical consequences can be considered as well. What if a contractor's CEO was a licensed attorney? What will TxDOT do when a contractor brings general counsel rather than outside counsel? Will TxDOT be policing phone calls and bathroom visits during the claims committee meeting to find out if a contractor is calling an attorney? These obvious injustices can be prevented simply by recognizing that when TxDOT mandates that a portion of its claims process (in this case a mandatory pre-lawsuit settlement conference) be fulfilled before a claim may be filed at SOAH, the same rights and privileges that attach to a SOAH hearing (including right to counsel and right to present evidence) attach to the statutory pre-requisites. In this case, that means the Contract Claims Committee meeting, and it means that TxDOT cannot prevent Salinas from bringing counsel of its choosing to the Contract Claims Committee meeting.

17. Accordingly, Defendant's decision to preclude Salinas of its right to have counsel present violates Plaintiff's rights to substantive and procedural due process in violation of the Texas and United States Constitutions.

18. The actions of Defendant, and its officers, agents, and employees, in preventing Plaintiff from having counsel present at the Contract Claims Committee meeting, is motivated by a desire on the part of Defendant and certain of its officers, agents, and employees to deprive Plaintiff certain rights and undermine Plaintiff's position in upcoming pre-claim settlement negotiations. These actions therefore are an attempt to arbitrarily deny Plaintiff access to vested property rights

(monies claimed under a breach of contract administrative claim) in a fair and orderly way.

19. For the reasons state above, and pursuant to 42 United States Code Section 1983, the 5th and 14th amendments of the US Constitution,[3] and the due process clauses of the Texas Constitution (including Article I, section 19),[4] Salinas requests that this Court:

   a. declare[5] that TxDOT lacks the authority to prevent Salinas from bringing counsel to a statutory Contract Claims Committee meeting that is a prerequisite to filing a SOAH lawsuit;

   b. enjoin TxDOT from taking this action; and

   c. award Salinas reasonable and necessary attorney fees, costs, interest, and other such appropriate relief.

## CONCLUSION AND PRAYER

Plaintiff's due process rights have been deprived. Therefore, this Court should declare TxDOT in violation of those rights and enjoin TxDOT from preventing Plaintiff from having aid of counsel. Additionally, Plaintiff should be awarded reasonable and necessary attorney fees, interest, and such other relief to which Plaintiff is justly entitled.

---

[3] *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).
[4] *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 805 (S.D. Tex. 2017) ("Protections afforded under procedural due process rights granted in Article I, section 19, prohibiting deprivation of property, are congruent with those in the Federal Constitution.").
[5] Pursuant either to the Court's inherent equitable jurisdiction, the Texas Uniform Declaratory Judgment Act (Texas Civil Practice and Remedies Code Chapter 37), or the Federal Declaratory Judgment Act (28 United States Code Section 2201), as appropriate.

Respectfully submitted,

SANDERFORD & CARROLL, P.C.


By: /s/ Brian K. Carroll
    **BRIAN K. CARROLL**
    State Bar No. 24034363
    2110 Birdcreek Drive
    Temple, Texas 76502
    Telephone:    254-773-8311
    Facsimile:    254-773-9175
    E-mail:  Brian@txconstructionlaw.com

    **ALLEN V. WILSON**
    State Bar No. 24088655
    8434 Fountain Circle
    San Antonio, Texas 78229
    Telephone:    210-399-3677
    Facsimile:    254-773-9175
    E-mail:  Allen@txconstructionlaw.com

and

    SYLVAN S. LANG, JR.
    State Bar. No. 11898700
    LANG LAW FIRM, PC
    10500 Heritage Blvd., Suite 200
    San Antonio, Texas 78216
    Telephone:    210-479-8899
    Facsimile:    210-479-0099
    E-mail:  sylvan@langfirm.com

    **ATTORNEYS FOR PLAINTIFF**